Mrs. KATE HORN

　　VS.

MARYLAND CASUALTY CO.

7615　　No. 7615.

On application for rehearing.

CHARLES F. CLAIBORNE, JUDGE .

1 think a ~~majority~~ *rehearing* should be granted. According to the opinion of the majority, a widow who was not "living with her deceased husband at the time of injury and death", would never be entitled to any compensation, for the following reason. One of the two following conditions must inevitably prevail at the time of the injury and death: either the widow was earning her own living, by working for it; or she was supported by some one; in either case, then under the majority opinion, she was not "actually dependent upon her husband for support". This cannot be a correct interpretation because it shuts out the widow *absolutely* who was not living with her husband. The Act provides for two contingencies when the wife is entitled to compensation, viz: 1o when "she is living with her husband; and 2o when she is "actually dependent" upon him. A construction which would restrict the right of the wife to the first contingency when she is living with her husband, and which would practically deny her right under all other circumstances *when she was not living with her husband* is, in my mind, at war with the letter and spirit of the act.

Dissenting Opinion.

The proposition which has successfully controlled the opinion of the judge of the District Court and of the other judges of this Court is, that the widow in this case is not "actually dependent" upon her husband for support, because she has been thrown upon her own resources for six years since her husband abandoned her, and has managed to work and earn her livelihood without his assistance, on a salary of $8 a week earned in the Lane Cotton Mills.

I cannot agree to that proposition. Every case must be governed by the facts and the law peculiar to it. In my opinion, a widow is "actually dependent" upon her husband for support at the time of his death, when she has no *property and no* revenues of her own securing to her the necessaries of life, independent of the fact that she is working and living off of her wages. It might perhaps be contended that a widow who is earning a large salary is independent of her husband; but certainly not of one who earns $8 a week. The husband owes his wife support, and under the law she is of right actually dependent upon him for it. The husband has no right to require of his wife to go out and work and earn her own living, though she may be physically able to do so; when he does so, he does her an injustice; all he may require of her is to perform such labor as is necessary to accomplish her household or domestic duties. The Employers' Liability Act was intended to take the place of the natural and legal provider at his death; just as the husband could not have defended an action from his wife for alimony, on the ground that she was able to earn and was actually earning a living; just so in my mind, the employer, cannot make the illegal act of the husband in refusing to assist his wife and forcing her to support herself, a means of defense.

What is true of the widow is not true of the widower; because the wife owes no duty of support to her husband except in cases when he is unable to support himself. The widower is in the same position as the child to his parents, and the parents to their major children. The duty of support exists with them only in case of inability of the parent or major child to support himself; it is only in those cases that they are "actually dependents". But the wife is always an "actual dependent" because her husband owes her support, whether or not she can make one for herself; and she has a right to depend upon it. 43 A., 347.

That such is the meaning of the law appears to me to shine out from the second part of the section *.

The section reads:

"No compensation shall be payable under this schedule to a widow unless she be living with her deceased husband at the time of injury and death, or be then actually dependent upon him for support. No compensation shall be payable under this schedule to a widower unless he be living with his deceased wife at the time of injury and death or be at such time incapable of self-support and actually dependent upon her for support".

Thus the legislator has said that the husband was "actually dependent" upon his wife for support only when he was incapable of self-support; but no such exception was made in the case of the widow.

In the third paragraph thereafter (0) p. 56, we read:

"Should any dependent of a deceased employee die, or should the widow or widower remarry, or should the widower become capable of self-support, or should any dependent not physically or mentally incapacitated from earning a living pass beyond the age of 18 years, the payments of the portion of the compensation theretofore due such dependent or widow or widower shall cease".

No mention is made in the case of the widow "becoming capable of self support", because it never was in the contemplation of the legislator that her rights to the compensation should depend-

■■■■■■

-ed upon her inability to work or to earn a livelihood: or

that she would lose the compensation as soon as she could

support herself. ~~At any rate if she was able to work at the time of the death of her husband, her rights should be re-served to a compensation if that ability ceased in the future,~~ —

*Had the deserted wife in this case led a life of idleness she would have been entitled to the compensation; but because she worked and earned her own living, it must be denied to her —*

I therefore respectfully dissent.